HON. FRANKLIN D. BURGESS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| THERMION, INC., | ) | |
| Plaintiff, | ) | No. 3:05-cv-05409-FDB |
| | ) | |
| v. | ) | STIPULATED PROTECTIVE ORDER |
| | ) | |
| THERMION METALIZING SYSTEMS, LTD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## I. STIPULATION

Plaintiff, Thermion, Inc. and Defendant Thermion Metalizing Systems, Ltd. ("the parties"), through their respective counsel of record, hereby stipulate to be bound by the following covenants in this litigation, pertaining to use of materials and information regarded as confidential.

1.      Definitions.  As used in this Stipulation and Agreed Protective Order:

(a)      "Document" and "Documents" mean any written, recorded or graphic matter, however produced, reproduced or stored, including without limitation matters recorded or stored electronically or in any form of data compilation or computer storage, which matters may

STIPULATED PROTECTIVE ORDER - 1
Case No. CV05-05409-FDB

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
(206) 223-7000

be obtained or translated, if necessary, through physical computer, electronic or other retrieval devices.

(b)     "Materials" means any testimony or transcript designated as "CONFIDENTIAL" under paragraph 3 below, and any brief, memorandum or other writing or document containing any excerpt or portion of a confidential document or transcript.

(c)     "Counsel" means a law firm representing a party in this action and its attorneys and employees including without limitation legal associates, paralegal, clerical and other support or office staff, but not any current or former employee of any party.

2.      Use and Production of Documents.  All Documents produced by any party, or by any third party in this action and designated by that party as "CONFIDENTIAL" under paragraph 3, shall be used solely for the prosecution and/or defense of this action by the parties to the action, and may not be used for any commercial, marketing or other purpose by any party or nonparty except as stated in paragraph 6 below.  Documents and Materials designated "CONFIDENTIAL" under this Stipulated Protective Order and the information contained therein shall not be disclosed to any other person except as provided in this Stipulation.

3.      Designation of Confidential Documents.  Any party may designate Documents produced, or to be produced in this action by it, or by a third party as "CONFIDENTIAL" where he or she believes in good faith that such Documents contain confidential, commercial or proprietary information, including trade secret or sensitive internal information.  Any party may designate Documents produced by it as "CONFIDENTIAL" by marking or stamping the document in an appropriate place with the word "CONFIDENTIAL" and/or by attaching a cover to the document which shall contain the following or similar language:

STIPULATED PROTECTIVE ORDER - 2
Case No. CV05-05409-FDB

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
(206) 223-7000

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER

This document may not be seen, or distributed and the information in this document may not be disclosed, except as provided by the Protective Order entered by the United States District Court for the Western District of Washington in the matter of Thermion, Inc. v. Thermion Metalizing Systems, Ltd., Cause No. CV05-05409-FDB

Any party may designate as Confidential any documents produced by any third party by providing written notice to Counsel for all parties of the source and identify of the confidential documents.  Upon receiving such notification, the designated documents shall be treated in the same manner as confidential documents produced by a party.

4.    Confidential Depositions and Testimony.    Whenever a Document designated "CONFIDENTIAL" is identified in a deposition, or when a person giving testimony in this action believes that his or her testimony will disclose confidential, commercial, proprietary or private information, the deponent or witness, or counsel may designate that part of the deposition or testimony as CONFIDENTIAL" by advising the reporter of such fact on the record.  The reporter shall then separately transcribe those portions of the testimony designated "CONFIDENTIAL" and shall mark the face of the separate transcript "CONFIDENTIAL--ACCESS LIMITED PURSUANT TO PROTECTIVE ORDER."  The reporter may distribute such confidential transcripts only to counsel for parties in this action or file such transcript with the court only under seal.

Every deponent will be advised at the beginning of the deposition, on the record, of the terms of the Stipulation and Agreed Protective Order and will be asked to consent to its terms, including terms limiting the retention of portions of the transcript designated "CONFIDENTIAL" and "CONFIDENTIAL" exhibits.

STIPULATED PROTECTIVE ORDER - 3
Case No. CV05-05409-FDB

115466.0002/1238521.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
(206) 223-7000

5.    Briefs and Written Materials.   When briefs, memoranda or other writings prepared in this litigation contain excerpts or portions of any Document or Materials that have previously been designated as "CONFIDENTIAL" by the party, the confidential matter shall be subject to this Protective Order, and the briefs, memoranda and other writings shall be filed with the court under seal and shall be marked "CONFIDENTIAL--ACCESS LIMITED PURSUANT TO PROTECTIVE ORDER."

6.    Access Restrictions.

(a)    Confidential Documents produced during this litigation, confidential Materials and information contained in confidential Documents and Materials shall not be disclosed to any other person except:

(i)    Counsel for any party in this action, including their legal assistants, associates, paralegal, clerical and other support staff or services, as well as stenographic reporters engaged in proceedings incident to the preparation for trial or the trial of this matter;

(ii)    Each of the named parties in this case, any officers of that corporation, attorneys, including in-house legal staff involved in the defense of this litigation;

(iii)    Experts and/or other professionals retained by any party for trial preparation purposes;

(iv)    The person who prepared or directly participated in the preparation of any particular document;

(v)    The person to whom a particular document or copies of were addressed or delivered; and

STIPULATED PROTECTIVE ORDER - 4
Case No. CV05-05409-FDB

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
(206) 223-7000

(vi)    Witnesses in the case who, in the judgment of counsel, need to review the documents for purposes of presenting the case.   Such persons shall review confidential documents only under supervision of counsel.

(b)    Disclosure of Confidential Documents and Materials shall not be made to any person until such person executes the Agreement attached to this Stipulation and Protective Order as Exhibit A.  Counsel for the party intending to make such disclosure shall be responsible for ensuring that each person who is required to execute an Agreement has timely executed such Agreement.  After each person executes such Agreement, the attorney responsible shall, within three (3) business days, send an original of that Agreement to opposing counsel and shall retain a copy of the Agreement for his or her own file.  In the case of consulting experts who are not retained to testify at trial, a copy of the Agreement shall be forwarded to opposing counsel once final judgment is certified in this matter.

7.    <u>Highly Confidential Documents – Attorneys' Eyes Only</u>.  The parties compete with each other in the sale of arc spray metalizing equipment and consumables.  The parties anticipate producing highly confidential business documents, and they believe that the producing party would suffer serious and irreparable harm if those documents were reviewed by any potential business competitor, including the opposing party.  The parties are therefore creating a special designation, "Confidential – Attorneys' Eyes Only."   Documents marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be treated as "Confidential" materials as set forth in this Protective Order, except that documents marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" <u>can only be disclosed to the following groups of persons</u>:  (1) counsel for any party in this action who is actively engaged in the conduct of this litigation, and to legal assistants, associates, paralegal, clerical and other support staff or services to the extent

STIPULATED PROTECTIVE ORDER - 5

Case No. CV05-05409-FDB

reasonably necessary to render professional services in the litigation, as well as stenographic reporters engaged in proceedings incident to the preparation for trial or the trial of this matter; (2) the person who prepared or directly participated in the preparation of any particular document; (3) the person to whom a particular document or copies of were addressed or delivered; and (4) the court and court staff.  The party introducing "Confidential – Attorneys' Eyes Only" during a deposition or in a pleading shall be responsible for insuring that the special protections for the "Confidential – Attorneys' Eyes Only" document is maintained and observed.

        8.    <u>Custody and Copying Restrictions</u>.  All Confidential Documents and Materials subject to this Protective Order and all copies and excerpts thereof, shall at all times remain within the physical premises of the offices of counsel for the parties to this action except where Documents or Materials are filed with the court under seal, or are taken to a deposition or court proceeding for use during that deposition or proceeding, or used in connection with any legitimate purpose provided for by this stipulation and agreed protective order.  In all such cases, an attorney or outside counsel shall be responsible for ensuring that appropriate safeguards are taken to protect the Confidential Documents and Materials, including their immediate return to counsel's office at the end of such deposition or court proceeding.

        This Order does not preclude a party from retaining custody of its own Documents or its own confidential information when not commingled with confidential information of other persons or parties.  In addition, the Order does not preclude either party from using its own Documents or confidential information for any legitimate business purpose even if copies of such documents or confidential information are marked confidential pursuant to this Order.

        Copies of Documents and Materials designated as "CONFIDENTIAL" may be created only by counsel and only to the extent necessary to assist in the conduct of this litigation.  All

STIPULATED PROTECTIVE ORDER - 6
Case No. CV05-05409-FDB

such copies are subject to this Stipulation and Protective Order.  At the termination of the action, counsel for each party which has received confidential documents shall report the number of copies made of any confidential document received.

9.     Objection To Confidential Designation.  Whenever a party objects to the designation of a Document or testimony as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY", he or she may elect to notify the designating party of the objection and request that the designating party remove the confidential designation.  A party may also object to the designation of "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and request that the designation be lowered to simply "CONFIDENTIAL."  The designating party has ten days from the date of receipt of the written objection to either remove the designation or file a motion to continue the confidential status of the documents or testimony in question.  Such motion shall be noted for hearing as soon as reasonably practical.  If the designating party does not file a motion to continue the confidential status of the documents or testimony in question within the ten-day deadline, then the confidential designation shall be deemed removed.  Once the designating party files a motion to continue the confidential status of the documents or testimony, the documents or testimony shall continue to be subject to this Protective Order until the Court enters an order ruling on the continued confidential status of the documents or testimony.  The burden of establishing continued entitlement of the "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation shall be upon the designating party.

10.     Objection To Refusal to Allow Disclosure to Witnesses Employed by Competitors.  Whenever a party objects to the refusal of the other party to consent to disclosure of confidential documents to a witness or potential witness who is employed by a competitor of

STIPULATED PROTECTIVE ORDER - 7
Case No. CV05-05409-FDB

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
(206) 223-7000

such party, he or she may move for an order that the documents shall be disclosed.  Until and unless the court enters an order requiring disclosure, however, the documents shall not be disclosed.  The burden of establishing entitlement to disclosure shall be upon the moving party.

11.   <u>Termination Of Action</u>.  This Stipulation and Protective Order shall not terminate at the conclusion of this action but shall remain in full force and effect thereafter for purposes of preventing or responding to actual or potential violations of its terms.

Upon completion of this action, <u>all Confidential Documents produced in this litigation,</u> <u>including all copies thereof, shall be returned to counsel for the producing party</u>.  Counsel shall, subject to this Protective Order, retain all Confidential Materials developed during the litigation except, that after the completion of the action, counsel may destroy any such materials.  A deponent may retain a copy of his or her own deposition transcript except where portions of the transcript have been designated as "CONFIDENTIAL."  No deponent in this action will be permitted to retain a copy of that portion of the deposition which may have been designated "CONFIDENTIAL," nor any Documents or other Materials designated "CONFIDENTIAL" which may have been marked or referred to during the deposition.

12.   <u>Additional Relief</u>.  Nothing in this Order shall preclude any party from applying to the court for additional or different protective provisions with respect to specific documents, materials or information or in respect to specific discovery requests in this action, as the need should arise.

STIPULATED PROTECTIVE ORDER - 8
Case No. CV05-05409-FDB

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
(206) 223-7000

DATED this _____ day of October, 2005.

LANE POWELL PC

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS

By: s/Stephanie J. Simmons, WSBA No. 30154
Stanton P. Beck, WSBA No. 16212
Paul D. Swanson, WSBA No. 13656
Attorneys for Defendant Thermion Metalizing
Systems, Inc.

By: s/Claire Hawkins, WSBA 31690
F. Ross Boundy, WSBA No. 00403
Attorneys for Plaintiff Thermion,
Inc.

PURSUANT to Civil Rule 26(c) and the above Stipulation of the parties, IT IS SO

ORDERED.

DATED this 12th day of October 2005.

FRANKLIN            D.            BURGESS
UNITED STATES DISTRICT JUDGE

Presented by:

LANE POWELL PC

By: s/ Stephanie J. Simmons, WSBA No. 30154
Stanton P. Beck, WSBA No. 16212
Paul D. Swanson, WSBA No. 13656
Attorneys for Defendant Thermion Metalizing
Systems, Inc.

Copy Received; Approved as to form;
Notice of presentation waived.

CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC

By: s/ Claire Hawkins, WSBA No. 31690
F. Ross Boundy, WSBA No. 00403
Attorneys for Plaintiff Thermion, Inc.

STIPULATED PROTECTIVE ORDER - 9
Case No. CV05-05409-FDB

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
(206) 223-7000

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print your name] of _____,
[print your address] am currently employed by _____.

I hereby acknowledge that I have received and read a copy of the Stipulation and
Agreed Protective Order attached to this Agreement as Exhibit 1 and entered into by
Thermion, Inc. v. Thermion Metalizing Systems, Inc., United States District Court for the
Western District of Washington, Cause No. CV05-05409-FDB, and that I fully understand the
terms and provisions of this Stipulation and Agreed Protective Order.

I hereby agree to be bound by all terms and provisions of this Stipulation and Agreed
Protective Order.

I also agree to be subject to the jurisdiction of the United States District Court at
Seattle, Washington for purposes of enforcing this Stipulation and Protective Order including
contempt of court citation or other appropriate sanctions for any violation thereof.

DATED this _____ day of _____, 2005.


_____


STATE OF WASHINGTON    )
                       ) ss.
COUNTY OF _____)

I certify that I know or have satisfactory evidence that _____ is the
person who appeared before me, and said person acknowledged that ____ signed this
instrument and acknowledged it to be ____ free and voluntary act for the uses and purposes
mentioned in this instrument.


DATED:_____    _____
                                                      [Notary Signature]


                                           _____
                                                  [Type or Print Name of Notary]

                                           NOTARY PUBLIC for the State of
                                           Washington, residing at _____

                                           My appointment expires: _____


STIPULATED PROTECTIVE ORDER - 10
Case No. CV05-05409-FDB

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
(206) 223-7000