UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THERMION, INC.,

    Plaintiff,

    v.

THERMION METALIZING SYSTEMS, LTD.,

    Defendant.

Case No. C05-5409FDB

ORDER GRANTING DEFENDANT THERMION METALIZING SYSTEMS' MOTION TO SUPPLEMENT AND AMEND ITS ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS, AND TO EXTEND CASE DEADLINES

    Defendant Thermion Metalizing Systems (TMS) timely moves to supplement and amend its answer, affirmative defenses and counterclaims, and to extend case deadlines. Defendant so moves in order to add new factual allegations stemming from Plaintiff Thermion, Inc.'s (TINC) activities that occurred after the filing of the original counterclaims. Defendant seeks to add a State trade name infringement counterclaim, a patent mismarking counterclaim, a declaratory judgment counterclaim for '560 patent invalidity and unenforceability, a Lanham Act false advertising and designation of origin counterclaim.

    Plaintiff opposes the motion to supplement and amend arguing that it will transform a

ORDER - 1

straightforward trademark dispute into full-blown patent litigation, among other things. Upon learning of Defendants patent contentions, Plaintiff states that it has agreed to immediately review its website to delete reference to three of its patents and is in the process of revising its manufacturer's labels, it withdrew a Washington State trade name registration for the THERMION METALIZING name, and has requested a suspension of its U.S. Trademark Application for its THERMION mark. Plaintiff TINC also argues that Defendant TMS has had in its possession the facts underlying its new claims. As to the '560 patent, (1) since Plaintiff has withdrawn its allegations of patent infringement, there is no legitimate threat of a lawsuit and no justiciable controversy; (2) Defendant TMS has been advertising and selling Plaintiff TINC's products under this patent; (3) complex patent litigation will result if Defendant is allowed to amend.

Plaintiff TINC also opposes Defendant's motion arguing that it is a sudden reversal for Defendant TMS to claim trade name as well as trademark rights in "THERMION." TINC also asserts that the incidents giving rise to the claims under the unfair business practices and/or Lanham Act have been resolved.

This is Defendant's first request to amend and supplement. The Court agrees with Defendant TMS (1) that the proposed trade name infringement action is intertwined with the trademark claims regarding the THERMION brand of products; (2) that the Federal Unfair Competition and False Advertising counterclaim is the Federal analog to TMS's state law unfair competition claim; (3) that the '560 patent invalidity and unenforceability issues concern threshold level errors not requiring technical or elaborate means to determine, and (4) that the patent mismarking counterclaim focuses on the conduct of marking products with expired '513 and '410 patents and the alleged invalid and unenforceable '560 patent. While Plaintiff TINC acknowledges the patent mismarking and indicates that it is changing its practices, Defendant TMS seeks to add the claims to assure Plaintiff's follow-through, to address issues associated with machines that have already been mismarked, and to provide a basis for corrective advertising and further injunctive relief. The Court concludes that

ORDER - 2

there is no undue delay or prejudice in adding these counterclaims. The discovery cutoff date will not be altered, but the dispositive motions deadline will be continued from Friday, August 18, 2006 to Thursday, August 31, 2006.

ACCORDINGLY,

IT IS ORDERED:

1. Motion for Defendant Thermion Metalizing Systems, Ltd. To Supplement and Amend Its Answer, Affirmative Defenses and Counterclaims and Counterclaims, and To Extend Case Deadlines [Dkt. # 75] is GRANTED;

2. The dispositive motion deadline is continued to Thursday, August 31, 2006.  All other dates remain as presently scheduled.

DATED this 23rd day of August, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3