UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THERMION, INC.,

    Plaintiff,

    v.

THERMION METALIZING SYSTEMS, LTD.,

    Defendant.

Case No. C05-5409FDB

ORDER DENYING RECONSIDERATION OF DENIAL OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO ALLEGE PATENT INFRINGEMENT CLAIM

    The Court has reviewed the briefs submitted on Plaintiff's Motion To Amend to Allege Cause of Action for Patent Infringement, and is well aware of the procedural history of this case. For the following reasons, reconsideration of the denial of Plaintiff's motion for leave to amend to add a patent infringement claim is denied.

    It is beyond dispute that Plaintiff Thermion, Inc. (TINC) has known of its potential patent infringement claim since on November 10, 2005 it filed a motion for leave to add a patent infringement claim. Plaintiff TINC later withdrew that motion, and a stipulation for filing an amended complaint without the patent infringement claim was entered. (See Dkt. #s 18, 21, 23, and 24.) Defendant asserts its claim of unfair business practices, which are based on assertions of invalidity and expiration of TINC's patents. Depositions of the co-inventors, Frank Rogers, Alan Rogers, and Rich Goessman have been taken. Following the depositions, Defendant Thermion Metalizing Systems, LTD, (TMS) timely moved on June 28, 2006 (before the July 10, 2006

ORDER - 1

deadline) to amend its claims for declaratory and other relief based on the invalidity of the patent. TINC opposed the motion, but did not seek to amend its complaint to join a patent infringement claim.

Plaintiff TINC has not demonstrated the "good cause" required by Fed. R. Civ. P. 16(b) for its motion to amend, which would require amendment of the Court's Scheduling Order. While Fed. R. Civ. P. 15(a) provides that leave to amend should be freely given, there are factors that would justify denial: "I1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of the amendment." *Sweaney v. Ada County*, 119 F.3d 1385, 1392 (9th Cir. 1997). There has been undue delay in bringing the motion to add a patent infringement claim, as Plaintiff had contemplated bringing the motion earlier. Allowing such a claim to go forward now would prejudice Defendant TMS if it were not allowed to thoroughly prepare to defend against this new claim, and this would result in delay and increased costs. TINC's argument that it must bring its patent infringement claim in order to defend against the claim of patent invalidity lacks merit because the elements of these claims are different, and TINC has not produced any authority that a patent infringement claim is a mandatory counter-claim to a declaratory action for patent invalidity. Rather, TINC argues that an infringement counterclaim to a declaratory judgment action for noninfringement is compulsory. That, however, is not the situation in this case where TMS claims invalidity of TINC's patent. TINC's motion to reconsider adds nothing to persuade the Court to change its ruling.

ACCORDINGLY, IT IS ORDERED: Plaintiff Thermion, Inc.'s Motion for Reconsideration [Dkt. # 101] is DENIED.

DATED this 12th day of October, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2